UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

                Plaintiffs,

-against-

V & M SALAMA LLC and JOHN DOES 1-10 (all other trades or businesses under common control with CATALINA PRODUCTS CORP. and V & M SALAMA LLC),

                Defendants.

**COMPLAINT**

Plaintiffs, by their attorneys, David C. Sapp, Esq. and Jennifer Oh, Esq., for their Complaint complaining of Defendants V & M Salama LLC and John Does 1–10 (all other trades or businesses under common control with Catalina Products Corp. and V & M Salama LLC), respectfully allege as follows:

## NATURE OF THE ACTION

1.    This is an action by an employee benefit fund to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to Sections 502(a),(e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3.  As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4.  Plaintiff National Retirement Fund ("the Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5.  The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

6.  Plaintiff Trustees of the Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Fund and Plan and disposition of Fund assets. As such, Plaintiff Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Upon information and belief, Catalina Products Corp. ("Catalina") is a New York corporation having or having had its principal place of business at 2455 McDonald Avenue, Brooklyn, New York 11223. Upon information and belief, at all times relevant herein, Victor Salama was the sole shareholder of Catalina.

8. Upon information and belief, Defendant V & M Salama LLC ("V & M Salama") is a New York limited liability corporation, having or having had its principal place of business at 2234 National Drive, Brooklyn, New York 11234. Upon information and belief, at all times relevant herein, Victor and Marie Salama, as husband and wife, jointly owned 100% of the membership interest in V & M Salama.

9. Upon information and belief, at all relevant times herein, Catalina was a party, directly or indirectly, to a collective bargaining agreement with the New York New Jersey Joint Board, Workers United ("the Union"). Upon information and belief, pursuant to said collective bargaining agreement, Catalina was obligated to make contributions and made certain of such contributions to the Fund on behalf of certain of its employees. As such, Catalina is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

10. Upon information and belief, Defendant V & M Salama is a "trade or business under common control" with Catalina, pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, because at all times relevant herein, Mr. and Mrs. Salama were the owners of both Catalina and V & M Salama.

11. Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Catalina) are "trades or businesses under common control" with Catalina pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section

414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## FACTUAL AND PROCEDURAL BACKGROUND

12. Upon information and belief, in or about 2010, Catalina permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

13. As a result of its complete withdrawal from the Plan, Catalina became liable to the Fund for withdrawal liability in the principal amount of $68,605.09, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

14. After determining the amount of the withdrawal liability owing to the Fund by Catalina, on or about June 22, 2011, the Fund notified Catalina of the amount of its withdrawal liability and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). A true copy of the June 22, 2011 Notice and Demand is annexed hereto as Exhibit "A,"

15. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the Notice and Demand, Catalina was required to make quarterly withdrawal liability payments in the amount of $6,186.97 for eleven (11) quarters and a twelfth (12th) or final quarterly withdrawal liability payment in the amount of $5,866.43. The first such quarterly payment was due on or before July 1, 2011.

16. On or about July 12, 2011, the Fund notified Catalina that it had failed to make the first quarterly withdrawal liability payment when due and that, if such failure was not cured

4

within sixty (60) days, Catalina would be in default within the meaning of Section 4219(c)(5) if ERISA, 29 U.S.C. § 1399(c)(5) ("Notice of Overdue Payment"). A true copy of the July 12, 2011 Notice of Overdue Payment is annexed hereto as Exhibit "B,"

17. Upon information and belief, more than sixty (60) days elapsed since Catalina received the Notice of Overdue Payment referenced in paragraph "16".

18. By reason of its failure to make the withdrawal liability payment within sixty (60) days of receipt of the Fund's Notice of Overdue Payment, Catalina was in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Plaintiffs are entitled to immediate payment from Catalina and all trades or businesses under common control with Catalina of the total amount of Catalina's withdrawal liability due under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of the first missed quarterly liability payment, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

19. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Catalina and all trades or businesses under common control with Catalina calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

20. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Catalina and all trades or businesses under common control with Catalina calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

21. On or about October 28, 2011, Plaintiffs filed a Complaint against Catalina in the Southern District of New York under the caption, Trustees of the National Retirement Fund v. Catalina Products Corp., et al., Docket No. 11-CIV-7695 (ER) ("the Action") seeking payment of Catalina's withdrawal liability, interest, liquidated damages, attorneys' fees and costs.

22. Catalina did not appear, answer or move with respect to the Complaint, and the time for appearing, answering or moving expired.

23. On or about February 16, 2012, Plaintiffs filed an Order to Show Cause for Default Judgment in the Action.

24. On or about March 23, 2012, the Court entered judgment against Catalina for a total of $88,850.56, inclusive of the withdrawal liability, interest, liquidated damages and costs. A true copy of the March 23, 2012 Default Judgment entered against Catalina is annexed hereto as Exhibit "C."

## AS AND FOR A FIRST CLAIM
## AGAINST DEFENDANT V & M SALAMA LLC

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "24" of this Complaint as if recited at length herein.

26. Upon information and belief, Victor Salama's ownership of 100% of the shares of stock of Catalina is attributed to Marie Salama pursuant to the spousal attribution rules of Section 414(c) of the Internal Revenue Code of 1986, as amended, and the applicable regulations published at 26 C.F.R. § 1.414(c)-4(b)(5).

27. Upon information and belief, at all relevant times herein, Victor and Marie Salama jointly owned 100% of the membership interests in V & M Salama LLC.

28. Upon information and belief, at all times relevant herein, Catalina and Defendant V & M Salama are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published at 29 C.F.R. § 2612 and

26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Catalina and Defendant V & M Salama.

29.     Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Catalina and Defendant V & M Salama are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendant V & M Salama is jointly and severally liable for the total amount of withdrawal liability referenced in paragraphs "13," "15," and "18" herein.

30.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant V & M Salama calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

31.     Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant V & M Salama calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS JOHN DOES 1-10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH CATALINA AND V& M SALAMA LLC)

32.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "31" of this Complaint as if recited at length herein.

33.     Upon information and belief, Catalina, Defendant V & M Salama, and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published at 29 C.F.R. § 2612 and 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Catalina, Defendant V & M Salama, and John Does 1- 10.

34. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Catalina, Defendant V & M Salama, and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of Catalina's withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in paragraphs "13," "15," "18," "19," and "20," herein.

35. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

36. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

37. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "36" of this Complaint as if recited at length herein.

38. Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Fund will have no adequate remedy of law.

39. The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order and Judgment:

a. Directing Defendants be held jointly and severally liable to the Fund for withdrawal liability in the principal amount of $68,605.09; and

b. Directing Defendants be held jointly and severally liable to the Fund for interest on the withdrawal liability set forth in paragraph "(a)" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the Fund's rules and regulations; and

c. Directing Defendants be held jointly and severally liable to the Fund for liquidated damages pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b) and the Fund's rules and regulations; and

d. Directing Defendants be held jointly and severally liable to the Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b); and

e. Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

f.  Granting such other and further relief to Plaintiffs as the Court deems appropriate.

Dated: September 19, 2016
White Plains, New York

                                       **TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

By: _____
David C. Sapp (DS 5781)
Jennifer Oh (JO 1201)

*Attorneys for Plaintiffs*

Alicare, Inc.
333 Westchester Avenue
North Building – 1st Floor
White Plains, New York 10604
(914) 367-5576 (telephone)
(914) 367-2576 (facsimile)
dsapp@amalgamatedlife.com
joh@amalgamatedlife.com

# EXHIBIT A

# NATIONAL RETIREMENT FUND

333 Westchester Avenue, White Plains, NY 10604-2910
Phone: 914 367-5576 • Fax: 914 367-2576

June 22, 2011

**VIA CERTIFIED MAIL-
RETURN RECEIPT REQUESTED**

Mr. Victor Salama
President
Catalina Products Corporation
2455 McDonald Avenue
Brooklyn, New York 11223

Dear Mr. Salama:

The Board of Trustees of the National Retirement Fund (the "Fund") has determined that Catalina Products Corp. (the "Employer") incurred a complete withdrawal from the National Retirement Fund as of December 31, 2010. Accordingly, the Employer is liable to the Fund for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

This letter supplies a notice of the Employer's liability resulting from a withdrawal from the Fund. The Fund reserves the right to revise this assessment at any time due to new information that may alter the Employer's liability.

Attached is a copy of how the withdrawal liability was determined. ERISA provides that the amount of the withdrawal liability is to be paid in equal quarterly installments over the number of years necessary to amortize the amount of the liability in level annual payments calculated in accordance with Section 4219(c)(i)(1).

The estimated amount of withdrawal liability allocable to the Employer is $68,605.09 and payable in eleven (11) quarterly installments of $6,186.97, with a twelfth (12th) or final installment in the amount of $5,866.43. Installments should be made by check payable to the "National Retirement Fund" and remitted to National Retirement Fund, P.O. Box 5426, White Plains, New York 10602-5426. The first installment is due by July 1, 2011. Upon completion of the final withdrawal liability calculation, you will be notified of the final assessment and revised payment schedule.

Please feel free to contact the Fund with any questions.

Very truly yours,

David C. Sapp

Enclosure
cc: Mr. Richard Rust
 Ronald E. Richman, Esq.
 Jaimie C. Davis, Esq.
 Mr. Richard Guido

# NATIONAL RETIREMENT FUND

333 Westchester Ave, White Plains NY    Phone: 914-367-5000 • Fax 914-367-5788

22-Jun-11

**2010 Withdrawal Liability**
**CATALINA PRODUCTS**
**ILG**

**Employer Number**
098100207
0240226

A. Proportional Share of Balance of Fund's Unfunded Vested Benefits as of 12/31/02 (Prior Plan Liabilities)

    1. The total retirement contributions payable by your firm during plan years 1998 through 2002............................................................ $ 137,178.69

    2. the total retirement contributions received by the Fund during the same period for all employers, reduced by the retirement contributions relative to those employers which "withdrew" prior to 12/31/02............................................................ $ 146,373,903.00

    3. which quotient............................................................ 0.00093718

    4. was then multiplied by the balance of the Fund's 12/31/02 unfunded vested liability for withdrawal purposes............................................................ $ 279,284,405.00

    5. Allocable share of the Fund's Unfunded Vested Benefits as of 12/31/02....... $ 261,739.76

B. Proportional Share of the Change in the Balance of the Fund's Unfunded Vested Benefits for the Plan year ending 12/31/03 (Initial Plan Year)

    1. Employer's allocable share (A.5 above) of the Fund's unfunded vested benefits as of 12/31/02 was divided by............................................................ $ 261,739.76

    2. The unfunded vested benefits (for all merged Plans) for employers not withdrawn as of 12/31/03............................................................ $ 369,805,745.00

    3. Which quotient............................................................ 0.00070778

    4. Was then multiplied by the change in the Fund's (for all merged Plans) Unfunded Vested Benefit for withdrawal liability purposes as of 12/31/03 $ (126,582,146.00)

    5. Totaling............................................................ $ (89,592.31)

C. Proportional Share of Balance of Fund's Unfunded Vested Benefits as of 12/31/05 (Prior Plan Liabilities)

    1. The total benefit accruals earned by participants of your firm during plan years 2001 through 2005............................................................ $ 11,736.36

    2. The total benefit accruals earned by all participants during the same period for all employers' participants who had not withdrawn through 12/31/2005............. $ 26,315,163.36

    3. which quotient............................................................ .00044599

    4. was then multiplied by the balance of the Fund's 12/31/05 unfunded vested liability............................................................ $ (56,591,900.00)

    5. Allocable share of the Fund's Unfunded Vested Benefits as of 12/31/05....... $ (25,239.42)

D. Proportional Share of the change in Fund Unfunded Vested Benefits for plan year ending 12/31/2006

    1. Benefit accruals earned by employees of the employer for plan years 2002 through 2006 was divided by............................................................ $ 12,600.85

    2. Benefit accruals earned by employees of all employers for plan years 2002 through 2006 reduced by benefit accruals earned by employees of employers which withdrew prior to 12/31/06................................................................................................. $ 22,552,297.98

    3. which quotient........................................................................................................... .00055874

    4. was then multiplied by change in Fund unfunded vested benefits as of 12/31/06 for all employers not withdrawn as of 12/31/06........................................................... $ (87,064,032.00)

    5. Totaling.................................................................................................................. $ (48,646.16)

E.   Proportional Share of the change in Fund Unfunded Vested Benefits for plan year ending 12/31/2007

    1. Total retirement contributions payable by your firm plan years 2003 - 2007.  $ 55,060.53

    2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2007........ $ 103,219,009.00

    3. which quotient........................................................................................................... .00053343

    4. was then multiplied by the change in Fund unfunded vested benefits as of 12/31/07 for all employers not withdrawn as of 12/31/07................................... $ 18,076,600.00

    5. Totaling.................................................................................................................. $ 9,642.60

F.   Proportional Share of the change in Fund Unfunded Vested Benefits for plan year ending 12/31/2008

    1. Total retirement contributions payable by your firm plan years 2004 - 2008.  $ 40,737.91

    2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2008........ $ 462,442,162.00

    3. which quotient........................................................................................................... .00008809

    4. was then multiplied by the change in Fund unfunded vested benefits as of 12/31/08 for all employers not withdrawn as of 12/31/08................................... $ 926,815,395.00

    5. Totaling.................................................................................................................. $ 81,643.17

G.   Proportional Share of the change in Fund Unfunded Vested Benefits for plan year ending 12/31/2009

    1. Total retirement contributions payable by your firm plan years 2005 - 2009.  $ 29,314.43

    2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2009........ $ 501,379,595.00

    3. which quotient........................................................................................................... .00005847

    4. was then multiplied by the change in Fund unfunded vested benefits as of 12/31/09 for all employers not withdrawn as of 12/31/09................................... $ 36,005,935.00

    5. Totaling.................................................................................................................. $ 2,105.27

Allocable share:
1. [(A5 + B5) x 40% + C5 x 60% + D5 x 70% + E5 x 90% + F5 x 95% + G5]............... $ 108,007.64

2. *De minimis* reduction............................................................................................... $ 41,992.36

3. TOTAL Withdrawal Liability with Interest through 12/31/2010....................................................... $ 66,015.28

4. TOTAL Withdrawal Liability with Interest through 07/01/2011....................................................... $ 68,605.09

# EXHIBIT B

# NATIONAL RETIREMENT FUND

333 Westchester Avenue, North Building, Second Floor, White Plains, NY 10604-2910
Phone: 914 367-5576 • Fax: 914 367-2576

July 12, 2011

**VIA CERTIFIED MAIL-**
**RETURN RECEIPT REQUESTED**

Mr. Victor Salama
President
Catalina Products Corp.
2455 McDonald Avenue
Brooklyn, New York 11223

      Re: **Catalina Products Corp. Withdrawal Liability**

Dear Mr. Salama:

By letter dated June 22, 2011 you were advised of your firm's withdrawal liability to the National Retirement Fund in the amount of $68,605.09 payable in 11 quarterly installment payments of $6,186.97, and a 12th or final payment in the amount of $5,866.43. To date, the Fund has not received the first quarterly installment payment, which was due on July 1, 2011.

Please be advised that the Fund hereby demands payment thereof in accordance with Section 4219 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

Please be further advised that if your firm's failure to make the required payment is not cured within sixty (60) days of the date hereof, your firm will be deemed in default, and the total amount of its withdrawal liability, plus accrued interest and liquidated damages, will become immediately due and payable.

If you have any questions, please do not hesitate to call me at (914) 367-5576.

                                                Very truly yours,

                                                David C. Sapp

cc:    Mr. Richard Rust
       Ronald E. Richman, Esq.
       Jaimie C. Davis, Esq.
       Mr. Richard Guido

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

        Plaintiffs,

-against-

CATALINA PRODUCTS CORP. and JOHN DOES 1-10 (all other trades or businesses under common control with CATALINA PRODUCTS CORP.),

        Defendants.

**DEFAULT JUDGMENT**

11 Civ. 7695 (ER)

This action having been commenced on October 28, 2011 by filing of a Complaint, and Plaintiffs having served copies of the Summons and Complaint on November 14, 2011 upon Defendant Catalina Products Corp., a New York corporation, by personal delivery to Chad Matice, Authorized Agent, in the Office of the Secretary of State of the State of New York, and proof of such service having been filed with the Court on November 18, 2011, and Defendant not having appeared, answered, or moved with respect to the Complaint, and the time for appearing, answering or moving having expired, and the Court having issued its Order to Show Cause requiring Defendant to show cause before the Court why a default judgment should not be entered against Defendant, and the Court having held a hearing pursuant to the Order to Show Cause, and Defendant having failed to appear at the show cause hearing; it is

**NOW, THEREFORE,** upon application of the Plaintiffs and upon reading the Affidavits of David C. Sapp, Esq., duly sworn the 16th day of February 2012, and the Certificate of Ruby J. Krajick, Clerk of Court, United States District Court for the Southern District of New York, noting the default of Defendant for failure to appear, answer or otherwise move with respect to the Complaint, it is hereby,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/2012

**ORDERED, ADJUDGED AND DECREED**, that Plaintiffs have Judgment against Defendant Catalina Products Corp. in the principal amount of withdrawal liability of $68,605.09 with interest thereon computed in accordance with 29 U.S.C. §1132(g)(2) and the Plaintiff Fund's rules and regulations with respect to employer withdrawal liability from July 1, 2011, the due date of the first missed withdrawal liability payment, through the date of judgment in the amount of $6,174.45, liquidated damages calculated in accordance with 29 U.S.C. §1132(g)(2) and the Plaintiff Fund's rules and regulations with respect to employer withdrawal liability in the amount of $13,721.02, and costs in the amount of $350.00, for a total Judgment of $88,850.56; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiffs have judgment against Defendant permanently restraining and enjoining Defendant and all of its officers, employees, agents, representatives, and all persons acting in concert with them from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of the assets of Defendant regardless of the amounts, if any, or the nature of the consideration received therefore; and it is further.

**ORDERED, ADJUDGED AND DECREED** that interest shall continue to accrue on the amount due under this judgment at the legal rate as defined in 28 U.S.C. § 1691 from the date of entry of this judgment on _March 23_, 2012 until the judgment is fully satisfied.

Dated: _March 23_, 2012
White Plains, New York

SO ORDERED:

_[signature]_
Edgardo Ramos
United States District Judge

2